# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

MICHAEL W. FREDERICK, et al.,

        Plaintiffs,

v.                                       CIVIL ACTION NO. 2:18-cv-01077

WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN SERVICES, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court are the Defendants' individual motions to dismiss. (ECF Nos. 34, 37, 68, 71, 73, 75, 77, 79, 81, 83, 86.) By Standing Order filed in this case on June 25, 2018, this action was referred to United States Magistrate Judge Dwane L. Tinsley for submission of proposed findings and a recommendation for disposition ("PF&R"). (ECF No. 9.) Magistrate Judge Tinsley entered his PF&R on February 15, 2019, recommending that the Court deny as moot Defendants Kathy Bradley, Lisa M. Driscoll, Anita B. Duncan, Rebecca Hall, Shelly J. Nicewarner, and West Virginia Department of Health and Human Services' ("DHHR Defendants") first motion to dismiss, as they filed an amended motion, and grant all other motions to dismiss and dismiss the case. (ECF No. 132.)

"The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). The Court is not required to review, under a de novo or any other standard, the factual or legal conclusions of the magistrate judge as to those portions of the findings or recommendation to which no objections are addressed.

*Thomas v. Arn*, 474 U.S. 140, 150 (1985). Failure to file timely objections constitutes a waiver of de novo review. 28 U.S.C. § 636(b)(1); *see also Snyder v. Ridenour*, 889 F.2d 1363, 1366 (4th Cir. 1989); *United States v. Schronce*, 727 F.2d 91, 94 (4th Cir. 1984). In addition, this Court need not conduct a de novo review when a party "makes general and conclusory objections that do not direct the Court to a specific error in the Magistrate's proposed findings and recommendations." *Orpiano v. Johnson*, 687 F.2d 44, 47 (4th Cir. 1982).

Objections to the PF&R in this case were due on March 4, 2019. To date, no objections have been filed.[1] Accordingly, the Court **ADOPTS** the PF&R,[2] (ECF No. 132), **DENIES AS MOOT** the DHHR Defendants' first motion to dismiss, (ECF No. 13), **GRANTS** all other motions to dismiss, (ECF Nos. 34, 37, 68, 71, 73, 75, 77, 79, 81, 83, 86), and **DISMISSES** this action. The Court further **DIRECTS** the Clerk to remove this action from the docket of the Court.

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: March 13, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE

---

[1] In response to the PF&R, Diane Frederick filed a motion to stay the case and substitute a representative for Michael Frederick due to his alleged incompetence. (ECF No. 133.) This Court ordered her to provide documentation of Michael Frederick's alleged incompetence under seal and ex parte no later than March 12, 2019. (*See* ECF No. 134.) To date, Diane Frederick has failed to provide any such evidence. Accordingly, the Court **DENIES** her motion to stay and for substitution. (ECF No. 133.)

[2] While the Court agrees with the conclusion reached in the PF&R regarding dismissal of Plaintiffs' negligent infliction of emotional distress claim, the Court does not agree with the PF&R's legal reasoning. (*See* ECF No. 132 at 31–32.) Thus, the Court adopts the PF&R as to that claim only insofar as it recommends that the claim should be dismissed.