# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF WEST VIRGINIA

## CHARLESTON DIVISION

MICHAEL W. FREDERICK, et al.,

        Plaintiffs,

v.                                                    CIVIL ACTION NO. 2:18-cv-01077

WEST VIRGINIA DEPARTMENT OF
HEALTH AND HUMAN SERVICES, et al.,

        Defendants.

## MEMORANDUM OPINION AND ORDER

Pending before the Court is Plaintiffs' Motion for Reconsideration of their motion to stay the proposed findings and recommendations and to substitute. (ECF No. 136.) On February 15, 2019, Magistrate Judge Dwane L. Tinsley entered his proposed findings and a recommendation for disposition ("PF&R") recommending that the Court dismiss Plaintiffs' action. (ECF No. 132.) In response to the PF&R, Plaintiffs filed a motion to stay the case and substitute a representative for Plaintiff Michael Frederick due to his alleged incompetence. (*See* ECF No. 133.) The Court ordered Plaintiff Diane Frederick to provide documentation of Michael Frederick's incompetence. (*See* ECF No. 134.) However, Diane Frederick failed to provide any such documentation; and thus, the Court denied the motion to stay and substitution, adopted the PF&R, and dismissed the case. (ECF No. 135.)

On March 21, 2019, Plaintiffs filed the present motion for reconsideration. (ECF No. 136.) In their motion, Plaintiffs state that they never received the Order requiring them to file documentation of Michael Frederick's incompetence, but only received the Memorandum Opinion

and Order dismissing the case. (*See id.* at 1.) Plaintiffs request that the Court reinstate their action so that they can file such documentation. (*See id.*) However, Plaintiffs have still failed to provide any documentation showing Michael Frederick's alleged incompetence, which they could have easily attached to the present motion. Further, the motion does not contain any evidence that such documentation exists, nor does it contain any information regarding Michael Frederick's alleged incompetence. As such, Plaintiffs provide no basis for altering the previously entered memorandum opinion and order.[1] *See Mayfield v. NASCAR, Inc.*, 674 F.3d 369, 378 (4th Cir. 2012) ("A Rule 59(e) motion may only be granted in three situations: (1) to accommodate an intervening change in controlling law; (2) to account for new evidence not available at trial; or (3) to correct a clear error of law or prevent manifest injustice." (internal quotation marks omitted)). Accordingly, the Court **DENIES** Plaintiffs' motion to reconsider. (ECF No. 136.)

**IT IS SO ORDERED**.

The Court **DIRECTS** the Clerk to send a copy of this Order to counsel of record and any unrepresented party.

ENTER: April 18, 2019

THOMAS E. JOHNSTON, CHIEF JUDGE

---

[1] Plaintiffs do not state under which Rule they are bringing their motion. However, noting Plaintiffs' pro se status, the Court liberally construed Plaintiffs' motion under Federal Rule of Civil Procedure 59(e), as Plaintiffs seek to alter or amend a final judgment. *See* Fed. R. Civ. P. 59(e).